FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL Z., <br>       Plaintiff, <br> v. <br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br>       Defendant. | No. 1:21-CV-3130-JAG <br><br> ORDER GRANTING <br> PLAINTIFF'S MOTION <br> FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 15, 18. Attorney D. James Tree represents Crystal Z. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## I.   JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in February 2018, alleging disability since June 1, 2015, due to depression, diabetes, ankylosing spondylitis, disorder of the spine, obesity, and high blood pressure. Tr. 263, 746. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

administrative law judge (ALJ).  Tr. 107, 122, 128.  A hearing was held on February 7, 2018, at which vocational expert Becky Hill and Plaintiff, who was represented by counsel, testified.  Tr. 15.  ALJ Ilene Sloan presided.  Tr. 14.  The ALJ denied benefits on August 15, 2018.  Tr. 12.  The Appeals Council denied review on August 13, 2019.  Tr. 1.  The district court granted stipulated remand on April 15, 2020.  Tr. 845-852; 1:19-CV-3228-MKD, ECF No. 20.  ALJ Cecilia LaCara presided over a telephonic hearing on June 7, 2021.  Tr. 739.  Vocational expert Daniel Labrosse and Plaintiff, who was represented by counsel, testified.  *Id*.  The ALJ denied benefits on July 22, 2021.  Tr. 736-755.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on October 1, 2021.  ECF No. 1.

## II.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 48 years old.  Tr. 777.  Plaintiff worked as a school bus driver for many years.  Tr. 781.

## III.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do their past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

## V. ADMINISTRATIVE FINDINGS

On July 19, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At *step one*, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2015. Tr. 742.

At *step two*, the ALJ found Plaintiff had the severe impairments of fibromyalgia, chronic pain syndrome, inflammatory arthritis, obesity, depression, and anxiety. Tr. 742.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 742.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the exception that:

> the claimant is capable of occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, but no climbing ladders, ropes or scaffolds or crawling. She must avoid concentrated exposure to excessive vibrations and all unprotected heights and hazardous machinery. She is limited to low stress work with occasional decision-making and changes in the work setting and with occasional interaction with the public.

Tr 745.

At *step four*, the ALJ found that Plaintiff could not perform past relevant work as a school bus driver. Tr. 753.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 4

national economy, including the jobs of escort vehicle driver, document preparer, and addresser. Tr. 754

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 754.

## VI.   ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by improperly assessing her testimony and not properly assessing medical opinions. Defendant argues that Plaintiff failed to show harmful error with respect to either of the issues.

## VII.   DISCUSSION

### A.   **Plaintiff's Testimony.**

Plaintiff contends that the ALJ erred by improperly discounting her reported symptoms. ECF No. 15, 5-6. Defendant counters that the ALJ reasonably discounted Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms. ECF No. 18, 2-3. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence. Tr. 74. The ALJ found that Plaintiff's reports regarding her symptoms were "out of proportion with the workup findings." Tr. 74. The ALJ proceeded to outline Plaintiff's medical records in detail comparing Plaintiff's reports with the medical record, but found that Plaintiff's statements were not fully consistent with the objective medical evidence. The ALJ also found that Plaintiff failed to follow up on physical therapy one time and that Plaintiff saw some improvement in with medication.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because the objective evidence fails to fully corroborate the degree of pain alleged. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects."). The "inconsistencies" the ALJ addresses in the record, however, reflect intermittent pain that waxed and waned consistent with the fibromyalgia diagnosis. *See Revels v. Berryhill,* 874 F.3d 648 (9th Cir. 2017). Those suffering from fibromyalgia have "muscle strength, sensory functions, and reflexes that are normal" and the "condition is diagnosed "entirely on the basis of the patients' reports of pain and

other symptoms." *Id*. at 656 (internal citations omitted).  Although the ALJ is the ultimate arbiter of credibility, clear and convincing evidence requires pointing to evidence *not* supportive of the ultimate diagnosis and that *does* undermine Plaintiff's subjective complaints.  The objective medical evidence supports Plaintiff's subjective complaints.

The ALJ also noted Plaintiff's perceived failure to participate in treatment.  Tr. 407.  Although failure to follow medical advice may result in an adverse credibility finding, the longitudinal record illustrates that Plaintiff actively sought medical treatment and followed a changing course of prescribed treatment.  Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication).  The ALJ, however, relied upon one instance of failing to participate in physical therapy despite the lack of referral for physical therapy in the records.  Tr. 749.  Failure to participate in physical therapy coincided with Plaintiff losing her job and health insurance.  Tr. 407.  "[A]n ALJ cannot deny benefits because of the claimant's inability to afford treatment."  *Johnson v. Saul*, 848 F. App'x 703, 705 (9th Cir. 2021).

The ALJ next found that because the regime of medication caused some relief in Plaintiff's symptoms that Plaintiff's subjective reports were not accurate.  Tr. 749.  Plaintiff took a myriad of medications and received regular infusions which she acknowledged improved symptoms greatly.  Tr. 47.  The ALJ, however, did not address Plaintiff's reports that when the infusions wore off, Plaintiff's symptoms returned.  Tr. 1040-1053, see also Tr. 787.  The ALJ also did not

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7

address Plaintiff's reports that side effects from the medications caused her to take FMLA leave because she was unable to perform her job. Tr. 781-82.

Lastly, the ALJ discounted Plaintiff's symptom reports due to a trip to Seattle and her being a single mom with two teenagers. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Ninth Circuit, however, has repeatedly found that the ability to perform these kinds of activities are not inconsistent with the inability to work:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) citing *Smolen*, 80 F.3d at 1287 n.7 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." (citation omitted)); *Fair*, 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

Further, Plaintiff's reported daily activities were consistent with her reported symptoms. She reported that she rested during the day while her children were at school. Tr. 42. During COVID her kids attended online school and she slept frequently despite taking Adderall to address narcolepsy. Tr. 787. Her mother also resides in the same home. Tr. 777. Plaintiff's teenaged sons take on tasks she cannot do to help with the household. Tr. 786.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

B.    **<u>Medical Opinions.</u>**

Due to the timing of the original claim, the ALJ properly applied the prior regulatory scheme to assess conflicting medical opinion evidence.[1] In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is contradicted by another physician, the ALJ may reject the treating physician's opinion for "specific and legitimate reasons" based on substantial evidence. *Andrews,* 53 F.3d at 1041. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

---

[1] For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9

thereof, and making findings. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen,* 849 F.2d 418, 421-22 (9th Cir. 1988). "In evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods. . . The failure to do so is error." *Revels,* 874 F.3d at 662.

    1.    **_Dr. Flavin._**

The ALJ assigned partial weight to medical opinions issued by Dr. Flavin, Plaintiff's treating rheumatologist. Tr. 751. Notably, "[A] rheumatologist's specialized knowledge is particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community." *Revels*, 874 F.3d at 664 (internal citations omitted). A rheumatologist's opinion of a claimant's fibromyalgia should be afforded "greater weight than those of the other physicians because it is an opinion of a specialist about medical issues related to his or her area of specialty." *Beneke v. Barnhart*, 379 F.3d 587, 594 n. 4 (9th Circuit 2004). In her 2017 opinion, Dr. Flavin describes symptoms of joint pain, back pain, and fatigue, caused by "the condition itself" opining that Plaintiff must lay down "for pain/stiffness a few times a day for 1–2 hours." Tr. 667. She explains that the Plaintiff's medications suppress her immune system. Tr. 667. At the end, after describing Plaintiff needing to lie down a minimum 3 hours per day due to pain, Dr. Flavin opines that Plaintiff would miss work 4 or more days per month. Tr. 668. Though Dr. Flavin failed to explain in the section labeled "Please explain," in the context of the document, Dr. Flavin's restrictions are based on the symptoms of the conditions described earlier in the document. Dr. Flavin clarified in the 2021 opinion that flare up from arthritis and fibromyalgia would cause

absenteeism.  Tr. 1344.  In the 2021 opinion Dr. Flavin indicated that the limitations existed since at least June 1, 2015.  Tr. 1345.  The ALJ afforded little weight to this portion of Dr. Flavin's opinion because the ALJ found that the treatment notes do not support the frequency of flare-ups and "she does not seem to account for improvement with medication."  Tr. 751.

The Court finds that the ALJ erred.  The ALJ does not explain *how* the treatment notes contradict or fail to support Dr. Flavin's opinion.  Tr. 751.  Nor does the ALJ provide support for why she concludes that Dr. Flavin's opinion fails to account for medication-based improvement.  Tr. 751.  Bare conclusions without support from the record does not constitute the specific and legitimate evidence needed to overcome the medical opinion of a treating physician.  The ALJ's opinion similarly fails to afford the particularly great weight that case law requires that a treating rheumatologist's specialized knowledge be given.

    2.    **<u>Dr. Ho.</u>**

The ALJ afforded great weight to Dr. Ho's opinion.  Tr. 752.  Dr. Ho provided a consultative opinion and did not examine Plaintiff.  *Id.*  The ALJ found that Dr. Ho's opinion was consistent with treatment notes and claimant's statements as well as improvement with minimal treatment.  *Id.*

The Court finds that the ALJ erred analyzing Dr. Ho's opinion.  The ALJ failed to provide support from the medical records supporting her analysis, instead the ALJ provides that Dr. Ho "supported her opinion with review of and citation to the record" and Dr. Ho's "opinion is consistent with rheumatology and primary care treatment notes…" without providing details or examples from the medical record.  Tr. 752.  As a non-examining physician, Dr. Ho's opinion should be afforded less weight than treating physicians absent specific and legitimate reasons to give the treating physician less weight.  *Andrews*, 53 F.3d at 1041.  The ALJ offered conclusions, but no support.  The ALJ's analysis lacks interpretations and

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11

an explanation rooted in the medical records as required by case law. *Embrey*, 849 F.2d at 421-22.

C.     **Remand for Benefits.**

The district court may "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Whether to reverse and remand for further proceedings or to calculate and award benefits is a decision within the discretion of the district court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Smolen*, 80 F.3d at 1292.

Under the credit-as-true rule, a remand for benefits is proper where: 1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; 2) the record has been fully developed and further administrative proceedings would serve no useful purpose; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Revels*, 874 F.3d at 668. Even where the three prongs have been satisfied, however, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

In this case, as set forth above, all three parts of the standard are met. First, after two administrative hearings and reams of medical records, including two opinions from Plaintiff's treating rheumatologist, the record has been fully developed. Second, as discussed above, the ALJ filed to provide legally sufficient reasons for rejecting Dr. Flavin's opinion and Plaintiff's subjective complaints. Lastly, had the ALJ credited Dr. Flavin's opinion and Plaintiff's subjective complaints, she would have been required to find Plaintiff eligible for benefits. The vocational expert testified that a person who needed to lie down daily to nap and regularly missed more than two days of work a month would be unemployable. Tr. 798 -98. Finally, the Court further has no serious doubts as to

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12

whether Plaintiff is disabled based on her testimony and the treating physician's opinions. Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

### VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. This case is **remanded** for an award of benefits from the alleged onset date of June 1, 2015.

3. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 27, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE